| | |
|---|---|
| SCOTT JOHNSON, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAROLYN W. COLVIN, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant Commissioner's Motion for Summary Judgment (Doc. No. 12) and Memorandum of Law in Support (Doc. No. 13), both filed September 17, 2015, as well as Defendant's Response (Doc. No. 15). As ordered by the Court, the parties also addressed the recent Fourth Circuit decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). (Doc. No. 10) Plaintiff seeks judicial review of the administrative determination finding him not disabled under the Social Security Act (the "Act"). Defendant asks the Court to affirm the decision of the Administrative Law Judge ("ALJ").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below Defendant's Motion for Summary Judgment is **GRANTED**, and the Commissioner's decision is **AFFIRMED**. Johnson has also filed a Motion to Expedite, which is **DENIED** as moot.

## I. BACKGROUND

Plaintiff Scott Emmanuel Johnson first filed applications for disability insurance benefits and supplemental security income on June 30, 2009, alleging that he had been disabled since

November 20, 2007. (Tr. 12) His applications were initially denied on December 16, 2009, and denied by an ALJ on March 22, 2011. (*Id.*)

Johnson again filed applications for disability insurance benefits and supplemental security income effective October 1, 2011. (Tr. 13) In these applications, he asserted that he had been disabled since March 23, 2011. (*Id.*) Plaintiff's applications were denied and he requested a hearing. A hearing was held before ALJ Wendell M. Sims on August 12, 2013. (Tr. 12) Plaintiff was represented by counsel at that proceeding. (*Id.*) On November 5, 2013, the ALJ issued a decision that Plaintiff had the ability to perform his past relevant work as an automobile and retail salesman, and that he had the ability to perform certain other kinds of "light" work. (Tr. 21-22) On this basis, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. (*Id.*) Plaintiff's request that the Appeals Council review the ALJ's decision was denied, and on January 15, 2015, the ALJ's decision became the final decision of the Commissioner. (Tr. 1-4) Pursuant to 42 U.S.C. § 405(g), Plaintiff has a right to review of the Commissioner's final decision, and he timely filed the present action on March 18, 2015. (Doc. No. 1)

## II. STANDARD OF REVIEW

Judicial review of a final decision of the Commissioner in social security cases is authorized pursuant to 42 U.S.C. § 405(g) and is limited to consideration of (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"; "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

District courts do not review a final decision of the Secretary *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). A reviewing court must uphold the decision of the Commissioner, even in instances where the reviewing court would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence. *Id*. In reviewing for substantial evidence, a court should not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig*, 76 F.3d at 589. The ALJ, and not the Court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. *Id*. The issue before this Court, then, is not whether Plaintiff is disabled, but whether the ALJ's finding that he is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Id.*

### III. ANALYSIS

The question before the ALJ was whether Plaintiff was "disabled" under the Social Security Act between his alleged onset date of March 23, 2011 and the date of the ALJ's decision.[1] Plaintiff has the burden of proving that he was disabled within the meaning of the Act in order to be entitled to benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration ("SSA") uses a five step sequential evaluation process, pursuant to 20 C.F.R. § 404.1520, for determining disability claims. If a claimant is found to be conclusively disabled or not disabled at a particular step, the inquiry ends and the adjudicator does not proceed further in the process. Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable impairment or a combination of impairments that is severe and meets the

---

[1] "Disability" is defined under the Social Security Act, 42 U.S.C. § 301, *et. seq.*, as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)).

3

twelve month durational requirement set forth in 20 C.F.R. § 404.1509; (3) whether the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and, if unable to perform the requirements of past relevant work, (5) whether the claimant is able to adjust to other work, considering his RFC and vocational factors (age, education, and work experience). If the claimant is able to adjust to other work, considering his RFC and vocational factors, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i-v).

The claimant bears the burden of production and proof during the first four steps of the inquiry. *Pass*, 65 F.3d at 1203. If he is able to carry this burden through the fourth step, the burden shifts to the Commissioner in the fifth step to show that other work is available in the national economy which the claimant could perform. *Id*.

In this case, the ALJ concluded at step one that Plaintiff has not been engaged in substantial gainful activity since his alleged onset date. (Tr. 13) The ALJ further found Plaintiff was insured for disability benefits at the time of his onset date, but that his date of last insured had been June 30, 2013. (*Id.*) At step two, the ALJ determined that Plaintiff had established a history of prostatitis with chronic pain that constituted a severe impairment. (Tr. 14) However, the ALJ further concluded that Plaintiff's other medical complaints (hypertension, reflux, chest pain, headaches, and panic attacks) were neither medically determinable nor severe. (Tr. 14-15). At step three, the ALJ found that Plaintiff had not established an impairment that meets or is medically equal to any of the listings. (Tr. 14) At step four, the ALJ found that, while Plaintiff may not be able to perform all "light" work, as defined in 20 C.F.R. § 404.1567(b), on account of his functional limitations, he could perform many jobs in this category. (Tr. 18-20) Specifically,

the ALJ determined that Plaintiff could perform work that included frequent balancing or stooping, occasional kneeling and crawling, standing, sitting, or walking for 6 to 8 hours per day, frequently lifting and carrying as much as 10 pounds, occasionally lifting and carrying as much as 20 pounds, and meeting the other physical non-exertional and mental demands of a job. (Tr. 18-19) The ALJ also found that Plaintiff was capable or returning to his past relevant work as an automobile salesman (a skilled, light job) and retail salesman (a low semi-skilled, light job). (Tr. 19) The ALJ acknowledged Plaintiff's allegations that he suffered unabated "extreme functional limitations in his ability to sit, stand, walk, lift, and carry," but concluded that these allegations were not supported by Plaintiff's medical history. (Tr. 16-17) Moreover, the ALJ commented, Plaintiff's condition arose from three surgeries, the last of which took place in 2000, and he had continued to work for eight years after that. (Tr. 16-17) Finally, at step five, the ALJ credited the testimony of the vocational expert ("VE") and concluded that jobs Plaintiff could perform "exist in significant numbers in the national economy." (Tr. 20) He cited three examples of light work that Plaintiff could perform with his specific limitations, such as cashier (3.5 million positions nationally, 100,000 positions locally), storage facility rental clerk (146,000 positions nationally, 11,000 positions locally), and bench assembler (250,000 positions nationally, 3,000 positions locally). (Tr. 20)

Plaintiff appealed to this Court, presenting the following assignments of error: (1) the ALJ's determination that Plaintiff is able to do light work is not supported by substantial evidence because Plaintiff cannot sit or stand for sufficient periods of time to qualify for light work positions (Doc. No. 1, 11); (2) the ALJ failed to adequately consider that Plaintiff was almost 50 years old, and is now 51 years old, because it classified him as a "younger individual" (Doc. No. 11, 15); and (3) the ALJ failed to credit his account of his levels of pain. (Doc. No.

5

15). The Court addresses each in turn.

### A. Plaintiff's ability to perform light work

Plaintiff argues that the ALJ erred in finding that he is able to do light work. He argues that this finding is not supported by substantial evidence because limitations on his ability to sit or stand preclude him from qualifying for light work positions. The ALJ is solely responsible for determining the Residual Functional Capacity of a claimant. 20 C.F.R. § 404.1546(c). In arriving at an RFC, the ALJ must consider the functional limitations and restrictions resulting from the claimant's medically determinable impairments. S.S.R. 96-8p. The ALJ must provide a basis for his ruling in order to allow the district court to engage in substantial evidence review. *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). For this reason, the record "should include a discussion of which evidence the ALJ found credible and why." *Id.* Additionally, if the ALJ fails to evaluate a claimant's credibility *before* analyzing the RFC, this amounts to harmful error and requires remand. *Mascio*, 780 F.3d at 639-40.

The regulations codified at 20 C.F.R. §§ 404.1567(b) and 416.967(b) define light work. Pursuant to these regulations, light work encompasses job which "involve lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." "[A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." *Id.* A plaintiff is qualified to perform light work only if he is qualified to do substantially all of these activities. *Id.*

Here, the ALJ concluded that Plaintiff could perform most light work, although he had some non-exertional limitations—e.g. he could stoop and crawl only occasionally. (Tr. 18-20) In making this determination, the ALJ reviewed the medical opinions in the record. Dr. Cordula

6

F. Davis, who examined Plaintiff in connection with his applications (Tr. 14), opined that Plaintiff had no functional limitations—a conclusion that the ALJ gave limited weight because it was "based on a one time snapshot." (Tr. 18) The ALJ did find Dr. Davis's opinion relevant however, to its determination of whether Plaintiff's allegations of chronic pain were credible. Next, the Court reviewed the opinion of Nurse Practitioner Susan Troutman, who opined that Plaintiff "could sit less than two hours and could stand or walk for 2 hours" and "that he would require 2 or 3 breaks during the day." (Tr. 14) The ALJ noted that although Ms. Troutman did not qualify as "an acceptable medical source" within the meaning of the relevant regulations, it was considering her opinion nonetheless. (Tr. 18) The ALJ pointed out that Ms. Troutman gave conclusory recommendations based in large part, if not entirely, on Plaintiff's own allegations, and failed to link any of her findings to specific medical records. (*Id.*) Thus, it afforded her testimony little weight. The ALJ also considered the findings of state medical consultants, noting that they had assessed Plaintiff's records and found he "retained the capacity to perform 'light' work not requiring more than frequent climbing, balancing, or stopping, or more than occasional kneeling and crawling." (Tr. 19) In light of all the record medical evidence, the ALJ agreed with the state medical consultants that Plaintiff had some limitations that precluded him from performing the full range of light work. (Tr. 18-20)

The ALJ also considered Plaintiff's own allegations that he experienced chronic pain that precluded him from engaging in even light work by restricting his ability to sit or stand for long periods of time. The ALJ reviewed the evidence in the record and found that it suggested that the medical opinions, which pointed to some limited mobility restrictions, were more reliable. First, Plaintiff's medical records provide no evidence of chronic, severe pain. Rather, they suggest that he "sought treatment for rectal pain and other prostatitis related symptoms every

7

couple of months, and that his symptoms improved with brief courses of treatment." (Tr. 16) Second, Plaintiff worked for many years following his last surgery, and his medical records over the years since that surgery do not reveal a worsening of his condition, suggesting that he is not disabled. (Tr. 16) Third, until reporting limitations on standing, walking, sitting, lifting, and carrying when filing for Social Security benefits, Plaintiff never reported chronic pain to any medical professional. (Tr. 17) Indeed, to date, the ALJ noted, "no physician has described the claimant as 'disabled' or imposed specific functional limitations consistent with a finding that he is unable to perform any substantial gainful activity." (Tr. 17-18)

The Court finds that the ALJ's determination that Plaintiff could perform some types of light work is supported by substantial evidence. The Court considered all of the relevant medical evidence, as well as Plaintiff's own allegations regarding his experiences, before concluding that Plaintiff retained the ability to perform various jobs that constitute light work. Importantly, the ALJ gave numerous reasons, supported by specific citations to the record, for discrediting Plaintiff's allegations that he was unable to perform the requisite job functions. The ALJ also evaluated Plaintiff's credibility before assessing his RFC as required by *Mascio*. For these reasons, the Court finds that the ALJ's determination should be affirmed.

**B. Plaintiff's age**

Plaintiff argues that the ALJ erred in classifying him as a younger individual, noting that the rules sometimes change when a claimant reaches the age of 50. Plaintiff is correct in part, and the Medical-Vocational Guidelines promulgated by the Commissioner do classify persons up to the age of 49 as "younger individuals" and persons between the ages of 50 and 54 as "closely approaching advanced age." 20 C.F.R. Pt. 404, Subpt. P, App. 2. However, because of Plaintiff's characteristics—he has more than a high school education, he has no transferrable

skills, he has the ability to perform light work, he has performed past relevant skilled or semi-skilled work—the change in his age does not direct a finding that he is disabled under the Medical Vocational Guidelines. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.14. Additionally, the ALJ used the Medical-Vocational Guidelines only as advisory when analyzing Plaintiff's claims, because Plaintiff cannot perform the full range of light work due to non-exertional limits. (Tr. 20) For these reasons, the ALJ did not err in its consideration of Plaintiff's age.

### C. Plaintiff's allegations of chronic pain

Plaintiff also suggests that the ALJ should have afforded more weight to his description of his pain. The regulations lay out a two-step process for analyzing a claimant's statements and symptoms regarding the limitations caused by his impairments. *See* C.F.R. §§ 404.1529, 416.929; *Craig*, 76 F.3d at 593-96. First, the ALJ must determine that there is objective medical evidence showing the existence of a medical impairment which would reasonably be expected to produce the pain or alleged symptoms. 20 C.F.R. §§ 416.929(b), 404.1529(b). If the ALJ finds such evidence, he must evaluate the intensity and persistence of the claimant's pain in order to determine whether or not the alleged symptomatic limitations will factor into the RFC. *See* 20 C.F.R. §§ 416.929(c)(1), 404.1529(c)(1); *Craig*, 76 F.3d at 595 ("It is only *after* a claimant has met [the] threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed, that the intensity and persistence of the claimant's pain, and the extent to which it affects [his] work, must be evaluated." (emphasis in original)).

The ALJ found that Plaintiff's history of prostatitis "could at least theoretically be expected to produce . . . some of the general type of subjective symptoms" that Plaintiff alleged. (Tr. 16) The only question for this Court, then, is whether the ALJ conducted a proper

9

credibility evaluation and had sufficient basis for discrediting Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms. The Court finds that the ALJ did conduct a proper credibility evaluation, and substantial evidence supports the decision to discredit Plaintiff's allegations.

In evaluating a claimant's allegations, the Commissioner investigates all relevant factors which relate to the subjective complaints, including the nature of a claimant's daily activities; his prior work record; the presence or absence of functional restrictions; consistency between the claimant's allegations and the medical and non-medical evidence in the record; the claimant's use of assistive devices; the dosage, effectiveness, and side effects of any relevant medication; and the subjective measures of credibility that are within the judgment of the ALJ. 20 C.F.R. § 404.1529; SSR 96-7p. The Commissioner considers any conflicts between a claimant's statements and the rest of the record, and a subjective complaint "need not be accepted to the extent that [it is] inconsistent with the available evidence, including objective evidence of the underlying impairment." *Craig*, 76 F. 3d at 595 (citing 20 C.F.R. § 404.1529(c)(4)).

Here, the ALJ properly considered the relevant factors and first determined that Plaintiff's account was not credible. As the ALJ found, the only evidence of persistent pain was Plaintiff's own statements about its intensity and the opinion of Ms. Troutman, who seemingly relied on Plaintiff's description without consulting any objective reports from prior treatment. Moreover, the ALJ explained that Plaintiff's allegations of chronic pain "were not credible" in light of his failure to report them to medical professionals. (Tr. 17-18) According to Plaintiff's medical records, he sought treatment only for incidents of intermittent pain that were successfully treated with short term medication. (Tr. 17) When Plaintiff sought medical treatment for his prostatitis symptoms, he indicated on some occasions that he had been in pain

10

for two weeks and others for only three days, and he consistently rated the intensity of his pain as between a 3 and a 5 on a scale of 10. (Tr. 573, 611, 622, 728, 742) In other words, he did not describe persistent and intense pain during any of his requests for treatment. Plaintiff's medical history also did not corroborate any finding that Plaintiff had recently become disabled—as it showed no worsening in his symptoms either between the time he last underwent surgery and the time he stopped working, or between the surgery and his alleged onset date. (Tr. 16)

In short, the ALJ "compared [Plaintiff's] alleged functional limitations from pain to the other evidence in the record" as it was required to do, before ultimately determining that his medical history contradicted his testimony and rendered it incredible. *See Mascio*, 780 F.3d at 639. Because the objective evidence contradicted Plaintiff's account, the ALJ did not err in finding that Plaintiff suffered intermittent, treatable pain, rather than pervasive and persistent pain. *See Craig*, 76 F. 3d at 59. Under these circumstances, the Court cannot conclude that the ALJ failed to consider Plaintiff's allegations, or that it rendered a decision not supported by substantial evidence.

## IV.   CONCLUSION

The Court has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. *See Hays*, 907 F.3d at 1456. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

11

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) the Commissioner's Motion for Summary Judgment is **GRANTED**;

(3) Johnson's Motion to Expedite is **DENIED** as moot, and

(3) this action is **DISMISSED**.

Signed: November 20, 2015

Graham C. Mullen
United States District Judge